UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE: LAKEVIEW LOAN SERVICING<br><br>DATA BREACH LITIGATION | Case No. 1:22-cv-20955-DPG |

**MOTION TO INTERVENE PURSUANT TO FED.R.CIV. P. 24(b)(1)(B) AND MOTION TO STAY APPOINTMENT OF INTERIM CLASS COUNSEL**

Anthony and Teresa Oglesby ("South Carolina Plaintiffs") respectfully request that this Court enter an order permitting them to intervene in this action for the purpose of requesting this Court to stay the appointment of interim class counsel until such time as United States District Court for the District of South Carolina determines whether the South Carolina Plaintiffs' claims should be transferred to this Court.

## INTRODUCTION

The South Carolina Plaintiffs have a case pending in the Federal Court in South Carolina against Lakeview Loan Servicing, LLC on behalf of themselves and other South Carolina citizens whose data was compromised. *See, Oglesby v. Lakeview Loan Servicing, LLC* 7:22-cv-1247-TMC. The Plaintiffs in the case before this Court (the "Florida Plaintiffs") are seeking to have the South Carolina

Plaintiff's action in *Oglesby* transferred to this Court. That Motion to Transfer is currently being briefed but will not be resolved prior to the deadline file objections to the proposed appointment of interim class counsel. Accordingly, in the interest of judicial economy, the South Carolina Plaintiffs respectfully request that the Court (1) permit them to intervene and (2) stay the appointment of interim class counsel until such time as U.S. District Judge Tim Cain determines whether the South Carolina Plaintiffs' claims should be transferred to this Court.

## ARGUMENT

Under Federal Rule of Civil Procedure 24(a)(2) absent class members may intervene as right where:

> (1) [their] application to intervene is timely; (2) [they have] an interest relating to the property or transaction which is the subject of the action; (3) [they are] so situated that disposition of the action, as a practical matter, may impede or impair [their] ability to protect that interest; and (4) [their] interest is represented inadequately by the existing parties to the suit.

*Tech. Training Associates, Inc. v. Buccaneers LP*, 874 F.3d 692, 695–96 (11th Cir. 2017) (citations omitted) (emphasis added). Here, there can be no dispute that this intervention is timely and that the South Carolina Plaintiffs have an interest in the transactions that are the subject of the action before this Court.

The South Carolina Plaintiffs are so situated that, absent a stay of the appointment of interim lead counsel, disposition of this action may impede their ability to protect their interests and their interests are inadequately represented by

the existing parties for three reasons. First, appointment of interim class counsel at this juncture would be premature and prejudicial. Second, the Florida Plaintiffs may not have standing to pursue claims on behalf of the class the South Carolina Plaintiffs seek to represent. Finally, there is no prejudice or harm cause by a short stay while the Motion to Transfer is resolved.

**I.      Appointment of Interim Class Counsel is Premature and Prejudicial**

Appointment of interim class counsel is premature and prejudicial as there are absent parties whose cases may eventually be transferred to this Court.

Unsurprisingly, courts have routinely held that appointment of interim counsel should not occur until after any possible consolidation. *See, e.g., Donaldson v. Pharmacia Pension Plan*, 2006 U.S. Dist. LEXIS 28607, *4-5 (S.D. Ill. 2006)(holding that appointment of interim class counsel is discretionary and particularly suited to situations "where a large number of putative class actions have been consolidated or otherwise are pending in a single court"); *see also Tokarski v. Med-Data, Inc.*, No. 2:21-cv-00631-TL, 2022 U.S. Dist. LEXIS 47799, at *10-11 (W.D. Wash. Mar. 17, 2022) ("[T]he Court is not aware of any precedent for appointing interim counsel where the other cases are pending before *not only another judge* but also a judge *in a completely different state* and/or jurisdiction.")(emphasis added); *Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 216CV210FTM99MRM, 2016 WL 9383330, at *4 (M.D. Fla. July 21, 2016), report and

3

recommendation adopted, No. 216CV210FTM99MRM, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016)("Because the Motions for Appointment of Interim Class Counsel contemplate the Court deciding the Motions to Consolidate first, the Undersigned finds and recommends that it is premature to take up the merits of the Motions for Appointment of Interim Class Counsel at this time.")

The cases at issue here were all filed within a short period of time from one another.  In the action before this Court, however, the Florida Plaintiffs and the Defendants elected not to utilize the MDL process which likely would have facilitated the immediate transfer of similar cases to this District.  As a result, there are currently multiple unresolved and contested motions to transfer similar cases to this Court, including a Motion to Transfer pending in the *Oglesby* action.  While these motions will likely be decided soon, they will not be resolved prior to the current deadline for appointing interim class counsel in this matter.

Appointing interim counsel now would be prejudicial to absent parties who are pursuing cases in other venues but which might be transferred to this Court. These parties have not been given notice of the request for appointment as interim class counsel and have had no opportunity to protect their interests.  As such, the South Carolina Plaintiffs should be permitted to intervene to protect their interests and the appointment of interim class counsel should be stayed.

### II. The Florida Plaintiffs In This Action May Not Have Standing To Represent Putative Class Members In Other States

The Florida Plaintiffs may not have standing at this stage to represent class members from other states, including South Carolina, while the South Carolina Plaintiffs in *Oglesby* unquestionably do have standing to represent class members in South Carolina. *See, e.g., Lewis v. Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183, 1205 (S.D. Fla. 2021). As such, the South Carolina Plaintiffs interests would not be adequately protected by parties who might not have standing to advance their claims. Accordingly, even if the Court were to decide to appoint interim class counsel at this stage, it should not do so on a nationwide basis. Rather, such an appointment should be limited to only those states from which a named plaintiff has appeared and made a filing.

### III. There Is No Harm In A Short Stay

In deciding whether to stay a case or a deadline, courts consider the following factors: "(1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and a trial date [has] been set." *Unibind Ltd. v. Provo Craft and Novelty, Inc.*, 1:08-CV-3713-ODE, 2009 WL 8590749, at *1 (N.D. Ga. Mar. 2, 2009). Here, all of the cases at issue, including the South Carolina and Florida cases were recently filed and there will soon be a determination as to whether these pending cases will be transferred to this Court.

Further, the record reflects that is general agreement among counsel in the cases pending before this Court as to which counsel shall undertake which roles. Absent evidence of disagreement there is no need to accelerate the appointment of interim counsel and there is no prejudice to the nonmovants in staying that decision.

On the other hand, as demonstrated above, appointing interim counsel now, before a determination has been made on consolidation, would not only prejudice absent parties but would run afoul of the prevailing law and would thus complicate the issues before this Court. *See Davis v. GEICO Cas. Co.*, No. 2:19-CV-2477, 2021 WL 4876213, at *3 (S.D. Ohio May 20, 2021); *Mey v. Patriot Payment Grp., LLC*, No. 5:15-CV-27, 2016 WL 11501481, at *1 (N.D.W. Va. Jan. 5, 2016)("[C]ourts that have addressed the question of interim class counsel have generally deemed it necessary that consolidation of multiple actions take place prior to appointment of interim class counsel.") Based on these concerns, courts from around the country almost uniformly hold that interim class counsel should not be appointed in competing putative class actions when the competing actions are pending before different courts. *See, e.g., Davis v. GEICO Cas. Co.*, No. 2:19-CV-2477, 2021 WL 4876213, at *3 (S.D. Ohio May 20, 2021).

Because there no harm to the Florida Plaintiffs in staying the appointment of interim class counsel pending the resolution of motions in other courts, and because appointing interim class counsel now would complicate the issues before

this Court, the South Carolina Plaintiffs respectfully request that this Court stay consideration of any motion to appoint interim class counsel.

## CONCLUSION

Because of the prejudice to absent parties and the waste of judicial resources by inconsistent or duplicative rulings it is premature to take up the merits of the Motions for Appointment of Interim Class Counsel at this time. The issue of appointing interim class counsel in the consolidated case file can be addressed more efficiently upon the resolution of the pending motions to transfer in the other venues in which these actions are pending. This approach would allow all interested parties to fully submit and brief their respective positions in one place so the Court can take the matter up on a consolidated and comprehensive record. At this stage, Florida Plaintiffs and putative class members can adequately protect their interests without appointment of interim class counsel. Accordingly, the South Carolina Plaintiff's respectfully request that they be permitted to intervene for the purpose of asking that the Florida Plaintiffs' motion for appointment of counsel be stayed until the resolution of all pending motions to transfer.

Dated: May 26, 2022

Respectfully Submitted,

*/s Pedro F. Bajo, Jr.*
Pedro F. Bajo, Jr.
Florida Bar No: 0966029
Bajo Cohen Agliano P.A.
606 East Madison Street
Tampa, FL 33602
Phone: 813-223-3130
pedro.bajo@bcalaw.com

Oscar M. Price, IV (*Pro Hac Vice forthcoming*)
Nicholas W. Armstrong (*Pro Hac Vice forthcoming*)
Price Armstrong, LLC
2226 1st Avenue South, Suite 105
Birmingham, AL 35233
205.208.9588 / 205.208.9525 (fax)
oscar@pricearmstrong.com
nick@pricearmstrong.com
*Attorneys for Anthony and Teresa Oglesby (South Carolina Plaintiffs)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will serve notice of electronic filing upon all parties.

*/s/ Pedro F. Bajo, Jr.*
Attorney

8